OCTOBER AND NOVEMBER TERM, 1884, No. 8.     OCTOBER 27, 1884.

## Appeal of David Hutchinson *et. al.*

The act of 12 February, 1869, section 66, P. L., 150, provides that at no time shall the indebtedness of any sub-school-district of the city of Pittsburgh, for borrowed money, exceed $50,000. *Held,* that there is nothing in Article IX, section 8, of the Constitution, nor in the act of 20 April, 1874, P. L., 65, relating to the increase of indebtedness of municipalities, to authorize a sub-district in the independent school-district of Pittsburgh to borrow money in excess of that limit.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

*Certiorari* to Common Pleas, No. 1, of *Allegheny County.*

Appeal of David Hutchinson, W. J. Flinn, J. P. Mc-Garvey, and J. B. Larkin, from the decree refusing a preliminary injuction.

Bill in equity, by David Hutchinson *et al.* against the Board of School-Directors of the Forbes Sub-School-District of the city of Pittsburgh, setting forth :

*First.* That they are residents of the said Forbes suu-school-district of the city of Pittsburgh, and own taxable property within said sub-school-district.

*Second.* That said Board of School-Directors of the Forbes Sub-School-District of the city of Pittsburgh, claiming to act in pursuance of an alleged authority given them by law, on the 10th day of July, A. D. 1882, filed in the office of the Court of Quarter Sessions of Allegheny county, a paper, by which they proposed to create a bonded indebtedness for said sub-school-district, amounting to the sum of $68,000, and claimed that they were authorized so to do by an act of the General Assembly, approved the 20th day of April, A. D. 1874, entitled "An act to regulate the manner of increasing the indebtedness of municipalities, to provide for the redemption of the same, and to impose penalties for the illegal increase thereof."

*Third.* The said defendants, claiming to act by virtue of the authority alleged to be given them by said act of the General Assembly, are about to issue bonds, to be secured upon the credit of said Forbes sub-school-district, amounting to the sum of $68,000, to be dated June 1, 1882, and payable thirty years after date, with interest at five per cent., payable semi-annually.

*Fourth.* That your orators are informed by their counsel, and believe, that by the act of the General Assembly, approved the 12th day of February, A. D. 1869, entitled "An act consolidating the wards of the city of Pittsburgh for educational purposes," the city of Pittsburgh became a single school-district of itself, and the various sub-school-districts became merely sub-divisions or branches of it ; that the first section of said act of the General Assembly, approved the 20th day of April, A. D. 1874, and also section 8 of article IX of the Constitution of this Commonwealth, fix a limitation to the indebtedness which

may lawfully be incurred by any county, city, borough, township, school-district, or other municipality or incorporated district within this Commonwealth, which limitation has long since been reached and passed, and is now exceeded, by said city of Pittsburgh, and the second section of the said act of April 20, 1874, does not authorize or permit a sub-school-district, or branch or sub-division of a school-district, to create a new indebtedness while the limit of lawful indebtedness is exceeded by the school-district of which it is a sub-division or branch.

*Fifth.* That even if said act of the General Assembly of April 20, A. D. 1874, did authorize or permit the board of school-directors of a sub-school-district to incur an indebtedness while the legal and constitutional limitation of indebtedness has been passed by the school-district of which it formed a part, your orators are informed by their counsel, and believe, that the said defendants have no power under said act of April 20, A. D. 1874, to incur said indebtedness, because, by the second section of an act of the General Assembly, approved the 22d day of March, A. D. 1877, entitled "An act in relation to cities of the second class, providing for the levy, collection, and disbursement of taxes and water-rents," it is provided that in lieu of all existing authority in relation thereto, the finance committee of councils of cities of the second class (which includes said city of Pittsburgh) shall make estimates yearly of the sums of money necessary for conducting the various departments (including schools or boards of education or poor-boards) of the city government, and shall cause a tax, sufficient for all purposes, to be levied and collected annually, and by the sixteenth section of said act, all acts, or parts of acts, conflicting therewith are repealed, thus repealing the parts hereinbefore mentioned of said act of May 20, 1874, in as far as they applied to cities of the second class.

*Sixth.* That your orators are informed by their counsel, and believe, that the act of the General Assembly, approved the 24th day of May, 1881, entitled "An act defining the powers of directors of sub-district schools of cities of the second class, to provide for the purchasing of lots of ground, erection of school-buildings, and other expenses of maintaining schools in their respective districts, and to borrow money for such purposes," has no force or effect to revive or extend the provisions of any part of said act of May 20, 1874, because the requirements of the sixth section of article III of the

Constitution of this Commonwealth were not observed in its passage.

*Seventh.* Your orators are informed by their counsel, and believe, that even if said act of May 20, 1874, is in force as far as it is applicable to the borrowing of money by school-districts, and the fact that the limit of indebtedness fixed by section 8 of article IX of the Constitution of this Commonwealth, and by the first section of said act of the General Assembly, has been passed by the city of Pittsburgh, does not prohibit the said Forbes sub-school-district from creating an indebtedness; the said Forbes school-district has no power to borrow any sum in excess of $50,000, nor to borrow any sum without obtaining an order of one of the Courts of Common Pleas of Allegheny county authorizing it to do so, because said act of May 20, 1874, is merely a restraining statute, intending to restrain all municipalities from incurring an indebtedness beyond a certain limit or without observing certain formalities, and does not repeal the sixty-sixth section of the act of the General Assembly, approved February 12, 1869, entitled "An act consolidating the wards of the city of Pittsburgh for educational purposes," which fixes a special limitation of $50,000 to the indebtedness of any sub-school-district of the city of Pittsburgh; nor does it repeal the first section of the act of the General Assembly, approved the 21st day of April, A. D. 1871, entitled "An act to empower the Courts of Common Pleas of this Commonwealth to authorize school-directors to borrow money," which provides that school-districts shall not issue bonds until an order of the court of common pleas shall have been obtained authorizing them to do so, after public notice by advertisement of the same.

*Eighth.* That great and irreparable injury will be done to your orators, and the rest of the tax-payers of said sub-school-district, if the said defendants are permitted to create said indebtedness.

The bill prayed the Court:

*First.* To grant a preliminary injunction upon said defendants to restrain them from issuing said bonds until the matter in dispute in this bill can be determined by the Court.

*Second.* Upon final hearing and determination of the matters in dispute in this bill, to grant an injunction restraining the said defendants permanently from issuing said bonds or collecting said tax; and further relief.

[Appeal of Hutchinson *et al.*]

The Court, after hearing, on October 6, 1883, refused to grant the preliminary injunction.

Plaintiffs then appealed, and assigned as error the action of the Court in refusing the preliminary injunction prayed for, and in holding that a sub-school-district can create an indebtedness in excess of the constitutional limitation.

*Christopher Magee*, *H. A. Davis*, and *John Barton* for appellants.

The act of 12 February, 1869, P. L., 150, made the city of Pittsburgh an independent school-district. Act 22 March, 1877, P. L., 16, and act 12 June, 1878, P. L., 182, make this school-district a part of the city government. Article IX, section 8, of the Constitution, and act 20 April, 1874, P. L., 65, limit the lawful indebtedness of cities to ten, and other municipal corporations and school-districts to seven, per cent. of the assessed value of the property. Therefore, a department, or branch or sub-division of a department, of the city government cannot borrow money when the city has already reached the constitutional limit of indebtedness.

Section sixteen of act of 1869 gives the central board the power to borrow money and issue bonds, provided that said board shall not be indebted for borrowed money, at any time, to a greater amount than $50,000, and section sixty-six provides that a sub-district may, for the purpose of erecting school-buildings, borrow money, not exceeding $50,000. In act 20 April, 1874, P. L., 65, section 2, the words "school-district" clearly limit it to a whole district—to the incorporated district having general charge of the department of public education. The Legislature meant the whole city, and not a single ward or fraction of the same.

*Slagle & Wiley* for appellees.

The acts of Assembly clearly leave in the sub-school-districts the power to purchase and hold the land, to erect buildings, and to borrow money for those purposes, and none of these powers are impaired by the act of 1877: Com. *v.* Shaw, 96 Penn., 268; Emerson *v.* Blairsville, 2 Pitts., 39; Act 24 May, 1881, P. L., 29; Act of 1869, sec. 63; Act of April 20, 1874, P. L., 65.

It is evident that the act of 1877 was not intended to apply to sub-districts; and if intended to apply to sub-districts it is unconstitutional, because they are not covered by the title: Dorsey's Appeal, 72 Penn., 192; Alle-

gheny County Home Appeal, 77 Penn., 77; Com. *v.* Allegheny Co., 37 Penn., 290.

The sub-district is not a school-district within the meaning of the Constitution, article IX, section 8.

The acts of 1869, section sixty-six, limiting the sum to $50,000, and 21 April, 1871, P. L., 241, are superseded by the Constitution and supplied by the act of 20 April, 1874, which expressly provided that any school-district may borrow money in the mode, and subject to the restriction, therein specified.

November 10, 1884, the opinion of the Court was delivlivered by TRUNKEY, J.: The interlocutory decree was made on the 6th of October, 1883, and since nothing has been done to obtain a final decree. In accord with usage, no opinion will be filed at this stage in the case. The act of 12th February, 1869, entitled "An act consolidating the wards of the city of Pittsburgh for educational purposes," section sixty-six, provides that at no time shall the indebtedness of any sub-district, for borrowed money, exceed $50.000. A case might arise where the limitations of the Constitution, article IX, section 8, and of the act of April 20, 1874, relating to increase of indebtedness by municipalities, would prevent a sub-district from borrowing money to the extent of $50,000, but nothing in the Constitution, or said act of 1874, authorizes a sub-district in the independent school-district of Pittsburgh to borrow money in excess of that limit.

Decree reversed, and it is now considered and decreed, that pending and during the proceeding in this case, the respondents be and are enjoined from issuing the bonds described in the bill, or similar bonds, in excess of $50,-000, and from the issuing of said bonds to such an extent that the indebtedness of said sub-district for borrowed money shall exceed said sum of $50.000.

The amount of the bond to be filed by the complainants before the issue of the writ, and the approval of said bond, shall be determined by the court of common pleas, or a judge thereof.

Record remitted for further proceedings.